MARY B. VAN CLEAF, RESPONDENT, *v.* CATHARINE BURNS, APPELLANT, IMPLEADED WITH OTHERS, DEFENDANTS.

*Dower — a divorce in a foreign State for a cause not sufficient in New York — its effect as to barring dower in land in New York.*

In an action brought for the recovery of dower it appeared that the plaintiff's husband had brought an action against her in Illinois for willful desertion, in which she, although a resident of the State of New York, appeared; that the court of Illinois had jurisdiction of the subject-matter of the action and of the parties; that the husband was granted an absolute divorce; that such a divorce, under the statute of Illinois, was a bar to any claim for dower in real estate in Illinois.

*Held,* that the same effect must be given to the foreign judgment of divorce upon real estate situated in this State, and that the plaintiff could not recover dower in land against her husband's grantee thereof.

APPEAL by the defendant Catharine Burns from a judgment, entered in the office of the clerk of the county of Kings on the 28th day of July, 1891, decreeing dower to the plaintiff in premises in the State of New York, being the land described in the complaint, and ordering a sale thereof, after a trial by the court at the Kings County Special Term.

The court found as facts that on or about the 6th day of July, 1875, Mary B. Van Cleaf, the plaintiff, was lawfully married to David Van Cleaf, and that during the period between said marriage and the death of the said David Van Cleaf, which occurred on or about the 12th day of November, 1884, he was seized in fee simple and possessed of the premises in question, which were situated in the city of Brooklyn.

That by a conveyance dated February 29, 1884, David Van Cleaf, named in the complaint, conveyed to the defendant, Catharine Burns, the premises described in the complaint for the consideration of $6,000, which, for the purpose of this action, is to be deemed the then value of said premises, and the plaintiff did not unite in said conveyance.

That in an action in the Circuit Court of Cook county, Illinois, in which David Van Cleaf was plaintiff and said Mary B. Van Cleaf was defendant, brought for a divorce and dissolution of the marriage for the cause and ground that said Mary B. Van Cleaf had willfully deserted and absented herself from said David Van Cleaf, her husband, without any reasonable cause, for the space of more than two years before the commencement of such action, which, by the laws of Illinois, was a ground for absolute divorce and dissolution of the bond of marriage, such proceedings were had that on April 9, 1891, judgment was granted and perfected therein in favor of said David Van Cleaf against said Mary B. Van Cleaf, dissolving the bond of marriage between them for the cause and ground aforesaid, which cause and ground was, by said judgment, adjudged to exist.

That said court, in pronouncing said judgment, had jurisdiction of the subject-matter of the action and judgment, and of the parties thereto.

That said David Van Cleaf was, at the time of said action and judgment, domiciled in Chicago, in the State of Illinois, and said Mary B. Van Cleaf, on October 18, 1880, appeared in said action in person and filed her answer in writing to the complaint, having first received notice of the commencement of the suit by the service on her in this State of the summons and complaint.

That the plaintiff was, during all the time above mentioned, a resident of the city of Brooklyn, in the State of New York.

That at the time of the pendency of said action in the State of Illinois, and at the time of the entry of said judgment, the following was a portion of the statute law of said State:

" If any husband or wife is divorced for the fault or misconduct of the other, except where the marriage was void from the beginning, he or she shall not thereby lose dower nor the benefit of any such jointure; but if such divorce shall be for his or her own fault

or misconduct, such dower or jointure, and any estate granted by the laws of this State in the real or personal estate of the other, shall be forfeited." (1 Ill. R. S., p. 90 § 14.)

That by the laws of Illinois, during the period of the marriage between the plaintiff and David Van Cleaf, and at the time of said divorce, a wife was, upon the death of her husband, endowed of one-third the lands of which her husband had been seized of an estate of inheritance during coverture.

That the cause for which the said divorce was granted was, at the time of the said divorce and of the pendency of the action therefor, by the law of Illinois, "misconduct" within the meaning of said statute; and the said divorce, by virtue of said statute, worked a forfeiture of and terminated and extinguished all dower and right of dower of this plaintiff in the lands of said David Van Cleaf in the State of Illinois.

That at the time of the death of said David Van Cleaf the plaintiff was of the age of forty-seven years, and the plaintiff has, as required by statute, consented to accept a gross sum in lieu of dower.

The court found, as matters of law, that the plaintiff was entitled to recover her dower in said premises, with damages for withholding the same and for the costs of this action against the defendant, Catharine Burns, and an additional allowance of $250 was granted.

*Josiah T. Marean*, for the appellant.

*John H. Kemble*, for the respondent.

DYKMAN, J.:

We think this judgment, in favor of the plaintiff, should be reversed.

By the case, as it is now presented, it expressly appears that the judgment of divorce granted by the court in the State of Illinois has the effect to deprive the plaintiff of dower in that State, and the case is thus free from the decision of the Court of Appeals.

In the opinion of that court it was said: "No other misconduct (than adultery) is here permitted to deprive a wife of existing dower rights, even if it is the basis of a judgment of divorce lawfully

rendered in another State, unless it expressly appears that such judgment has that effect in the jurisdiction where it was rendered, and as to that we express no opinion." (*Van Cleaf* v. *Burns*, 118 N. Y., 556.)

As, therefore, the judgment of divorce has the effect to deprive the plaintiff of dower in the State of Illinois, the jurisdiction where the judgment was rendered, we think it should be permitted the same operation in this State.

The judgment should be reversed and a new trial granted, with costs to abide the event.

BARNARD, P. J., and PRATT, J., concurred.

Judgment reversed and new trial granted, costs to abide event.